UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT L. MOORE | CIVIL ACTION |
| VERSUS | NO. 17-1379 |
| TOYOTA MOTOR CORPORATION, ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Defendants Toyota Motor Corporation and Toyoda Gosei Co., Ltd each move to dismiss.[1] For the following reasons, the Court orders plaintiff to effectuate proper service on Toyota Motor Corporation within 60 days. Further, the Court dismisses plaintiff's claims against Toyoda Gosei.

### I. BACKGROUND

This case arises out of an allegedly defective airbag in Plaintiff Robert Moore's Toyota Corolla.[2] On January 24, 2016, plaintiff was involved in an automobile accident.[3] Plaintiff alleges that his airbag deployed suddenly and

---

[1]   R. Doc. 32; R. Doc. 45.
[2]   R. Doc. 20 at 5-7.
[3]   *Id.* at 5 ¶ 2.

severely injured him.[4] On August 22, 2016, plaintiff brought a *pro se* petition in state court against Toyota Motor Corporation and Takata Corporation.[5]

On January 23, 2017, plaintiff, through counsel, filed an amended petition in state court naming TK Holdings, Inc. and Toyota Motor Sales, U.S.A. as additional defendants.[6] The amended petition requested service on these two defendants.[7] On February 15, 2017, Toyota Motor Sales and TK Holdings removed the matter to this Court on the basis of diversity of citizenship.[8] The notice of removal indicates that Toyota Motor Corporation and Takata Corporation were not served with process before removal.[9]

On April 24, 2017, plaintiff filed a motion for leave to file an amended complaint.[10] Plaintiff's proposed amended complaint named Toyota Motor Engineering & Manufacturing North America, Inc. as an additional defendant.[11] Magistrate Judge North granted leave to amend, but directed plaintiff to delete all causes of action except those arising under the Louisiana Products Liability Act.[12] On June 15, 2017, plaintiff filed an amended

---

[4] *Id.* at 5-6.
[5] R. Doc. 1-2 at 1.
[6] *Id.* at 2.
[7] *Id.* at 5.
[8] R. Doc. 1 at 1-2.
[9] *Id.* at 3 ¶ 7.
[10] R. Doc. 13.
[11] R. Doc. 13-4 at 3.
[12] R. Doc. 18.

complaint naming Toyoda Gosei Co., Ltd as an additional defendant.[13] The record does not indicate that plaintiff either requested or received leave to join Toyoda Gosei as a defendant in this matter.

Plaintiff's counsel represents that Toyoda Gosei Co. LTD-North America was served with process on June 29, 2017, and Toyoda Gosei Co., Ltd. and Toyota Motor Corporation were each served on July 10, 2017.[14] Toyoda Gosei Co. LTD-North America is not a defendant in this matter. Toyota Motor Corporation and Toyoda Gosei are both Japanese corporations.[15] They each move to dismiss on the basis of invalid service of process.[16]

## II. LEGAL STANDARD

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, "the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Service on a corporate defendant located outside the United States is

---

[13] R. Doc. 20 at 3.
[14] R. Doc. 42-1 at 1.
[15] R. Doc. 32 at 1; R. Doc. 45-1 at 3.
[16] R. Doc. 32; R. Doc. 45.

governed by Federal Rule of Civil Procedure 4(f).  *See* Fed. R. Civ. P. 4(h)(2). The Fifth Circuit has explained that "Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service."  *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012).  But if the statute of limitations is likely to bar future litigation, dismissal is appropriate only if there exists "a clear record of delay or contumacious conduct by the plaintiff."  *Id.* at 489-90 (internal citation and quotation marks omitted).

    The Hague Service Convention is a multilateral treaty intended to facilitate service of process abroad and ensure defendants sued in foreign jurisdictions receive actual and timely notice of suit.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).  The United States and Japan are signatories to the Convention.[17]  The treaty requires each signatory country to establish a central authority, which receives judicial documents and serves them on parties within the country in accordance with that country's law.  *Id.* at 698-99.  The Hague Service Convention also permits service by mail under certain circumstances.  *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017).

---

[17]    R. Doc. 32-1 at 4.

## III. DISCUSSION

### A. Toyota Motor Corporation

The record indicates that plaintiff's counsel attempted to serve Toyota Motor Corporation in Japan through the United States Postal Service.[18] The Supreme Court has explained that, under the Hague Service Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash*, 137 S. Ct. at 1513 (citing *Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004)).

For service by mail to be proper, plaintiff must show that it was affirmatively authorized by applicable law. Plaintiff argues that service by mail is permissible under Louisiana's long-arm statute.[19] But plaintiff attempted to serve Toyota Motor Corporation in July 2017, several months after this matter was removed to federal court.[20] Plaintiff is therefore required comply with federal rules regarding service of process. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1).

Service by regular international mail is not authorized by applicable federal law. Rule 4(f) provides that an individual may be served in a foreign

---

[18] R. Doc. 42-4; R. Doc. 42-5; R. Doc. 45-1 at 3.
[19] R. Doc. 51 at 3.
[20] R. Doc. 42-1.

5

country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Here, it is undisputed that plaintiff did not attempt service through Japan's central authority or any other internationally agreed means.

Rule 4(f) also permits service in a foreign country "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). This provision is not applicable because service was sent to Toyota Motor Corporation by plaintiff's counsel, not the clerk. Moreover, plaintiff's return receipt does not indicate that the item was delivered, and plaintiff has not provided other proof of actual delivery.[21] No other provision of federal law affirmatively authorizes plaintiff's method of service. *See Brockmeyer,* 383 F.3d at 804-05 (holding that Rule 4(f) affirmatively authorizes service by mail only if directed by the district court, or if notice is sent by the clerk of court through a form of mail that requires a signed receipt); *cf. Lozano v. Bosdet*, 693 F.3d at 488 (noting that corporations outside the United States can be reached by mail under Rule 4(d)'s provision for waiver of service).

---

[21] The box for "[t]he article mentioned above was duly delivered" is unchecked. *See* R. Doc. 42-5.

Plaintiff has therefore failed to show that he properly served Toyota Motor Corporation. Toyota Motor Corporation moves to dismiss, or in the alternative, asks the Court to order plaintiff to effectuate proper service within a specified time period.[22] Plaintiff requests 60 days to re-serve Toyota Motor Corporation.[23] Because plaintiff has made some attempt at service and Toyota Motor Corporation has received notice of this suit, the Court finds that plaintiff should be afforded one more opportunity to serve defendant. *See Lozano*, 693 F.3d at 489. Plaintiff is ordered to properly serve Toyota Motor Corporation within 60 days.

**B. Toyoda Gosei**

Toyoda Gosei represents that plaintiff's only attempt at service of process was to send a copy of the amended complaint via certified mail to Toyoda Gosei's North American subsidiary, Toyoda Gosei North America Corporation.[24] Toyoda Gosei argues that service on its American subsidiary is improper under the Hague Service Convention.[25] In response, plaintiff asserts that service by mail is proper, but does not address Toyoda Gosei's argument regarding the validity of service on a subsidiary.[26]

---

[22] R. Doc. 45 at 2.
[23] R. Doc. 51 at 4.
[24] R. Doc. 32-1 at 2.
[25] *Id.* at 4-5.
[26] R. Doc. 52.

The Supreme Court has held that service on the domestic subsidiary of a foreign corporation can be proper *if*, under the law of the forum state, the subsidiary is the foreign corporation's involuntary agent for service of process. *Schlunk*, 486 U.S. at 696, 706-07. Plaintiff has cited no authority to suggest that Toyoda Gosei North America Corporation is Toyoda Gosei's agent under Louisiana law. *See Blades v. Il. Cent. R. Co.*, No. 02-3121, 2003 WL 1193662, at *3 (E.D. La. 2003) (finding that Louisiana law does not transform a domestic subsidiary into the agent of the parent company for service of process). Plaintiff has therefore not satisfied his burden of demonstrating valid service of process through service on a subsidiary. Nor does plaintiff provide evidence that he effectuated service upon Toyoda Gosei in Japan.[27] To the extent plaintiff argues that he served Toyoda Gosei by international mail, this method of service is improper for the reasons explained above.

Plaintiff asks that he be granted 60 days to re-attempt service on Toyoda Gosei.[28] This request is denied. As noted above, it appears that Toyoda Gosei was improperly joined in this matter because plaintiff did not

---

[27] Plaintiff asserts that Toyoda Gosie has acknowledged that a certified copy of the summons was mailed to it in Japan via registered mail. *See* R. Doc. 52 at 3. But no such acknowledgment appears in Toyoda Gosei's motion.

[28] R. Doc. 52 at 4.

request or receive the Court's leave to add it as a defendant.[29]  Moreover, the statute of limitations is not a significant consideration because the applicable one-year prescriptive period expired before Toyoda Gosei was added as a defendant.  *See* La. Civ. Code art. 3492; *Jenkins v. Bristol-Myers Squibb Co.*, 689 F. App'x 794, 795 (5th Cir. 2017).  If plaintiff has a valid argument why his claims against Toyoda Gosei are not time-barred, he remains free to raise it in the future.  Plaintiff's claims against Toyoda Gosei are dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Toyota Motor Corporation's motion is granted in part.  IT IS ORDERED that plaintiff serve process on Toyota Motor Corporation within 60 days of this order.

Toyoda Gosei's motion is granted.  Plaintiff's claims against Toyoda Gosei are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __13th__ day of November, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29]  *See* R. Doc. 13; R. Doc. 18; R. Doc. 20.