UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROBERT L. MOORE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-1379 |
| TOYOTA MOTOR CORPORATION, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Defendant Toyota Motor Sales, U.S.A. moves for partial summary judgment.[1] Plaintiff Robert Moore moves to strike defendant's motion and supporting affidavits.[2] For the following reasons, the Court denies plaintiff's motion to strike, except as to the affidavit of Debra Hatton. Further, the Court grants Toyota Motor Sales partial summary judgment.

## I. BACKGROUND

This case arises out of an allegedly defective airbag in Plaintiff Robert Moore's 2009 Toyota Corolla.[3] On January 24, 2016, plaintiff was involved in an automobile accident while driving his Toyota Corolla.[4] According to the complaint, plaintiff's airbag deployed suddenly and severely injured

---

[1] R. Doc. 31.
[2] R. Doc. 53.
[3] R. Doc. 20 at 5-7.
[4] *Id.* at 5 ¶ 2.

him.[5] Plaintiff alleges that Takata manufactured or sold the airbag or airbag inflator that caused his injuries, and that Takata knowingly sold millions of defective airbags to automakers including Toyota.[6] Further, plaintiff asserts that Toyota knew of the safety concerns of Takata airbags and inflators, and failed to warn consumers about the dangers of these products.[7]

Plaintiff filed suit in state court against Takata Corporation, TK Holdings, Inc., Toyota Motor Corporation, and Toyota Motor Sales U.S.A.[8] TK Holdings is a subsidiary of Takata Corporation.[9] On February 15, 2017, Defendants TK Holdings and Toyota Motor Sales removed the matter to this Court on the basis of diversity of citizenship.[10] Plaintiff later filed an amended complaint adding as a defendant Toyota Motor Engineering & Manufacturing North America, Inc.[11] Toyota Motor Sales now asks the Court to grant partial summary judgment, and enter a finding that the airbag system in plaintiff's car was not designed, manufactured, or

---

5     *Id.* at 5-6.
6     *Id.* at 7-8.
7     *Id.* at 9 ¶ 13.
8     R. Doc. 1-2 at 2.
9     R. Doc. 20 at 2.
10     R. Doc. 1 at 1-2.
11     R. Doc. 20 at 3.

distributed by any Takata entity.[12] Plaintiff moves to strike the summary judgment motion and its supporting affidavits.[13]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could

---

[12] R. Doc. 31; R. Doc. 62 at 3.
[13] R. Doc. 53.

not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

4

trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Effect of Bankruptcy Stay

TK Holdings and Takata Corporation (the Takata entities) have each filed for bankruptcy, and this matter is automatically stayed as to these two defendants.[14] *See* 11 U.S.C. § 362(a)(1). Toyota Motor Sales (TMS) is not subject to a bankruptcy stay. *See In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987) (explaining that 11 U.S.C. § 362(a)(1) generally does not prohibit actions against nonbankrupt codefendants); *In re Babcock & Wilcox Co.*, No. 00-3408, 2001 WL 536305, at *2-3 (E.D. La. 2001).

Plaintiff contends that TMS' summary judgment motion violates the bankruptcy stay, and that TMS lacks standing to seek partial summary judgment in favor of its codefendants.[15] The Court notes that plaintiff's

---

14 R. Doc. 24; R. Doc. 44.
15 R. Doc. 53 at 2.

5

motion to strike fails to conform to Federal Rule of Civil Procedure 12(f), because it was filed after plaintiff's memorandum in opposition, and it does not seek to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f)(2); 5C Wright & Miller, *Federal Practice and Procedure* § 1380 (3d. ed. 2017). The Court nevertheless considers plaintiff's arguments, because it has an obligation to ensure that the bankruptcy stay is respected.

Plaintiff's arguments regarding standing and the bankruptcy stay both center on the proposition that TMS is seeking partial summary judgment on behalf of the Takata entities rather than asserting its own interests.[16] Plaintiff also contends that his rights to due process would be violated if the Takata entities are permitted to litigate through a co-defendant during the stay.[17] TMS has clarified that it does not seek dismissal of the Takata entities from this litigation, but instead requests a finding that no Takata entity designed, manufactured, or distributed the airbag system in plaintiff's vehicle.[18] TMS requests this finding because plaintiff's claims against TMS

---

[16] R. Doc. 53-1.
[17] *Id.* at 2-3.
[18] R. Doc. 62 at 3.

6

and the other non-Takata defendants rely on Takata's being the manufacturer of the allegedly defective airbags.[19]

These proceedings have not been stayed as to TMS, and TMS retains the right to defend itself from plaintiff's factual allegations. The amended complaint asserts that the Toyota defendants, including TMS, "sold vehicles in the United States containing airbags manufactured by the Takata Defendants and installed as its 'original' parts airbag and airbag inflators manufactured by Takata Defendants and defective [sic]."[20] Plaintiff further alleges that the Toyota defendants "knew of the safety concerns and unacceptable quality of Takata airbags and inflators and/or any airbags and inflators made with the same or similar materials and chemicals as Takata and continued to use them," and that Toyota failed to warn consumers about the dangers of these airbags and inflators.[21] Plaintiff's factual allegations regarding Takata's role in manufacturing his vehicle's airbag system are intertwined with his claims against TMS, and TMS is not barred from seeking summary judgment on this issue.

---

[19] *Id.* at 4-5.
[20] R. Doc. 20 at 3.
[21] *Id.* at 9 ¶ 13. The amended complaint notes that Toyota Corporation, Toyota Motor Sales, and Toyota Motor Engineering & Manufacturing North America are collectively referred to as Toyota. *See id.* at 3.

**B. Evidentiary Objections**

TMS' motion for partial summary judgment includes the sworn declaration of Debra Hatton, a paralegal at TK Holdings, and the affidavit of Barry Hare, an employee of Toyota Motor North America.[22] Plaintiff objects that these exhibits are not competent summary judgment evidence.[23] Federal Rule of Civil Procedure 56 provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Although summary judgment evidence need not necessarily be presented in admissible form, "the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 *Moore's Federal Practice-Civil* § 56.91 (2017)).

The Court strikes Debra Hatton's declaration because it is not based on personal knowledge. The Hatton declaration states that, "[a]s confirmed through communications with other TKH employees, Robert L. Moore's allegations are incorrect," and no Takata entity had any involvement in the

---

[22] R. Doc. 31-3.
[23] R. Doc. 53-2.

8

driver airbag system of the 2009 Toyota Corolla.[24]  Although TMS asserts that Ms. Hatton is a corporate representative,[25] "a corporate representative may not testify to matters outside [her] own personal knowledge 'to the extent that information is hearsay not falling within one of the authorized exceptions.'" *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006)).  Ms. Hatton's declaration does not indicate that she has personally reviewed any documentation, or that she has acquired any information regarding Takata's involvement with the 2009 Toyota Corolla beyond what she was told by other employees.[26]  *Cf. Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 115 (D.D.C. 2017) (finding that a FOIA declarant satisfies Rule 56's personal knowledge requirement if he has personal knowledge of the procedures used and relevant documents).  Thus, the Court finds that the declaration is not competent summary judgment evidence, and does not consider it.

The Court denies plaintiff's request to strike the affidavit of Barry Hare.  Mr. Hare is a National Design and Technical Analysis Manager at Toyota

---

[24]  R. Doc. 31-3 at 2.
[25]  R. Doc. 62 at 7-8.
[26]  R. Doc. 31-3 at 1-2.

9

Motor North America.[27] He states in his affidavit that a review of the design drawings for the 2009 Toyota Corolla shows that the driver front airbag module was manufactured by Toyoda Gosei Co., Ltd.[28] In contrast to Ms. Hatton's declaration, Mr. Hare's affidavit indicates that he has personally reviewed the relevant designs. *See LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (finding that affidavits were properly admitted because they "contain sufficiently specific statements for the district court to infer that the affiants had personal knowledge of the facts attested therein"). That Mr. Hare is employed by a Toyota entity rather than by Takata does not call into question his competence to testify about the component parts of Toyota vehicles. Nor was TMS required to provide a copy of the design drawings. *See RBC Real Estate Fin., Inc. v. Partners Land Dev., Ltd.*, 543 F. App'x 477, 479 (5th Cir. 2013) (rejecting argument that affiant had to provide a foundation for how he calculated amounts due). Therefore, the Court finds that the affidavit contains facts that would be admissible in evidence, and shows that Mr. Hare is competent to testify about the matter asserted. Fed. R. Civ. P. 56(c)(4).

---

[27] *Id.* at 3.
[28] *Id* at 4.

**C. Adequate Time for Discovery**

Plaintiff argues that partial summary judgment should be denied under Federal Rule of Civil Procedure 56(d) because he is unable to present facts essential to justify his opposition to the motion.[29] Plaintiff's counsel submits a declaration stating that plaintiff has been unable to request discovery from TK Holdings, Takata Corporation, or any other Takata entity because of the bankruptcy stay.[30] Although Rule 56(d) motions for additional discovery are broadly favored in the Fifth Circuit, "a party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Prospect Capital Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

The Court finds that additional discovery is "not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Barry Hare's affidavit states that the driver front airbag module in the 2009 Toyota

---

[29] R. Doc. 49.
[30] R. Doc. 49-1.

Corolla was manufactured by Toyoda Gosei.[31] Plaintiff has failed to present specific reasons to doubt that statement, or to indicate that Mr. Hare is likely to contradict himself in a future deposition. *See Biles*, 714 F.3d at 894-95. Nor has plaintiff produced any evidence from his own vehicle or other sources to affirmatively suggest that Takata manufactured the airbag system in the 2009 Toyota Corolla. *See Smith v. Regional Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016).

Plaintiff's argument that he has been prevented from requesting discovery because of the bankruptcy stay is without merit. Barry Hare is an employee of Toyota Motor North America, not Takata, and plaintiff has identified no obstacle to deposing him. Plaintiff was also free to pursue discovery against TMS and other Toyota defendants. Moreover, to the extent that plaintiff argues that any summary judgment motion should be postponed until the bankruptcy stay is lifted, plaintiff cannot show that relevant facts could be collected within a reasonable time frame. *See Prospect Capital Corp.*, 819 F.3d at 757.

### D. Louisiana Products Liability Act Claims

Under the Louisiana Products Liability Act (LPLA), the plaintiff bears the burden of establishing the identity of the manufacturer of the allegedly

---

[31] R. Doc. 31-3 at 4.

unreasonably dangerous product. *See* La. R.S. 9:2800.54; *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002). Plaintiff has offered no evidence to create a genuine issue of fact that Takata manufactured the airbag system in his vehicle. The affidavit of Barry Hare indicates that Toyoda Gosei manufactured the driver front airbag module in the 2009 Toyota Corolla.[32] Because plaintiff "has failed to make a sufficient showing on an essential element of [his] case with respect to which []he has the burden of proof," TMS is entitled summary judgment on this issue. *Celotex*, 477 U.S. at 2552.

The Court finds that no Takata entity manufactured the airbag system in plaintiff's 2009 Toyota Corolla, as manufacturer is defined by the LPLA. *See* La. R.S. 9:2800.53(1). The Court dismisses any LPLA claims predicated on plaintiff's allegation that TMS continued to use Takata airbag systems, knowing of the safety concerns of Takata airbags and inflators, and failed to warn consumers about these dangers.[33] The Court does not dismiss the LPLA claims to the extent that plaintiff alleges that TMS used, and failed to properly warn about, defective "airbags and inflators made with the same or

---

[32] R. Doc. 31-3 at 3-4.
[33] *See* R. Doc. 20 at 9 ¶ 13.

13

similar materials and chemicals as Takata," with knowledge of their dangers.[34]

### E. Non-LPLA Claims

TMS also moves for partial summary judgment as to all non-LPLA claims in plaintiff's complaint because the LPLA provides the exclusive remedy against a manufacturer for damage caused by its product.[35] *See* La. R.S. § 9:2800.52. In granting plaintiff leave to amend his complaint, Magistrate Judge North ordered that all causes of action except those arising under the LPLA be deleted from the amended complaint.[36] TMS asks that plaintiff's claims for negligence, intentional tort, breach of contract, breach of warranty, negligent misrepresentation, fraud, and bad faith be dismissed.[37] Plaintiff does not defend the legal validity of these claims, and the Court dismisses them in light of the exclusive remedy provided by the LPLA.[38] *See Stahl*, 283 F.3d at 262 (finding that the LPLA exclusivity

---

[34] *Id.*
[35] R. Doc. 31-1 at 8.
[36] R. Doc. 18 at 2.
[37] R. Doc. 31-1 at 8-9.
[38] Plaintiff asserts that the non-LPLA claims in the amended complaint were not subject to Magistrate Judge North's order because they were included in the original complaint, and are therefore not new claims. *See* R. Doc. 49-2 at 2. This argument ignores the portion of Judge North's order that directs that all non-LPLA causes of action "be deleted from the amended complaint." *See* R. Doc. 18 at 2. Regardless, plaintiff's claims must be dismissed because they fail to state a valid legal claim.

provision precludes intentional tort claims such as fraud); *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 245 (E.D. La. 1996).

**F. Other Toyota Defendants**

The complaint includes identical allegations against TMS, Toyota Motor Corporation, and Toyota Motor Engineering & Manufacturing North America.[39] Thus, the Court's reasons for granting partial summary judgment to TMS apply equally to the other two Toyota defendants. Because plaintiff had notice and an opportunity to respond to the arguments in TMS' motion, the Court finds it appropriate to grant partial summary judgment to Toyota Motor Corporation and Toyota Motor Engineering & Manufacturing North America. *See* Fed. R. Civ. P. 56(f)(1) (permitting courts to grant summary judgment for a nonmovant).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is DENIED, except as to the affidavit of Debra Hatton.

Toyota Motor Sales' motion for partial summary judgment is GRANTED. The Court finds that no Takata entity manufactured the driver airbag system in plaintiff's 2009 Toyota Corolla, as manufacturer is defined

---

[39] R. Doc. 20 at 3.

in La. R.S. 9:2800.53(1). The Court DISMISSES WITH PREJUDICE any Louisiana Products Liability Act claims against Toyota Motor Sales, Toyota Motor Corporation, and Toyota Motor Engineering & Manufacturing North America to the extent such claims are predicated on the allegation that these defendants continued to use Takata airbags, knowing of the safety concerns of Takata airbags and inflators, and failed to warn consumers about these dangers.

Further, the Court DISMISSES WITH PREJUDICE all causes of action except those arising under the Louisiana Products Liability Act, including claims of negligence, intentional tort, breach of contract, breach of warranty, negligent misrepresentation, fraud, and bad faith, as to Toyota Motor Sales, Toyota Motor Corporation, and Toyota Motor Engineering & Manufacturing North America.

New Orleans, Louisiana, this __20th__ day of November, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE