UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT L. MOORE | CIVIL ACTION |
| VERSUS | NO. 17-1379 |
| TOYOTA MOTOR CORPORATION, ET AL. | SECTION "R" (5) |

## **ORDER AND REASONS**

Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor Engineering and Manufacturing North America, Inc., and Toyoda Gosei Co., Ltd. move to stay discovery and defendants' discovery deadlines.[1] Defendants' motion is denied.

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This authority includes the district court's wide discretion to stay a pending matter to control the course of litigation. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Under Federal Rule of Civil Procedure 26(c), "a court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the

---

[1] R. Doc. 99.

dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).

Defendants state that good cause exists because plaintiff Robert L. Moore has failed to comply with the deadline to furnish his expert disclosures set forth in the Court's scheduling order,[2] and because defendant's motion for summary judgment is pending.[3] Defendants argue that because plaintiff has failed to make his expert disclosures, plaintiff's claims are unsupported and unspecified, and requiring defendants to make their disclosures "would cause [them] to incur unnecessary time and expense."[4] But plaintiff's failure to comply with the Court's scheduling order does not transform defendants' discovery obligations into an undue burden justifying a stay. Defendants may seek to compel plaintiff to comply with his discovery obligations through the usual channels while the Court considers the pending motion for summary judgment.

---

[2] R. Doc. 72.
[3] R. Doc. 99 at 2-3. When defendants filed their motion to stay, plaintiff had not yet filed an opposition to defendant's summary judgment motion. *See id.* at 1. Plaintiff has since filed his opposition. R. Doc. 100.
[4] R. Doc. 99 at 3.

For the foregoing reasons, defendants' motion is DENIED.

New Orleans, Louisiana, this __15th__ day of August, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE